IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

NEAL H. BELL and VALERIE J. BELL,   )
         )
      Plaintiffs,       )   TC-MD 110961N
         )
   v.          )
         )
DEPARTMENT OF REVENUE,     )
State of Oregon,       )
         )
      Defendant.      )   **DECISION**

Plaintiffs filed their Complaint on September 8, 2011, challenging Defendant's Notice of

Proposed Refund Adjustment, dated July 15, 2011, for the 2010 tax year. (Ptfs' Compl at 2;

Def's Resp at 1.) Plaintiffs request that Defendant allow "the deductions claimed on the original

return of $7,398 on line 46 and $7,852 on line 37." (Ptfs' Compl at 1.) Plaintiffs further request

that, Defendant "pay the costs and expenses of this appeal." (*Id.*) A case management

conference was held on November 1, 2011, during which the parties discussed Plaintiffs' appeal

and Plaintiffs agreed to provide additional information to Defendant.

On December 8, 2010, Defendant filed Recommendations based on the additional

information provided by Plaintiffs. Defendant's Recommendations state that Plaintiffs

> "sent in an amended 2010 Oregon return with a revised Schedule A, along with
> copies of bank account statements and copies of medical and prescription bills for
> tax year 2010.
>
> "[] Defendant agrees with the amounts claimed in the Federal and Oregon
> columns, the medical expenses, the special Oregon medical deduction, the total
> deductions, and estimated taxes paid on the 2010 amended Oregon return. []
>
> "[] Defendant disagrees with the Oregon income tax calculated on lines 49, 50,
> the exemption credits, and the total amount of refund due."

(Def's Recommendations at 1.) Defendant requests that "the Proposed Refund Adjustment

DECISION TC-MD 110961N                                 1

Notice for tax year 2010" be upheld and that Plaintiffs be "[a]llowed the self-assessed tax on [their] amended return with the changes as calculated in the Audit Report * * *." (*Id.*) With its Recommendations, Defendant provided an Auditor's Report stating a tax-to-pay of $735. (*Id.* at 3.) Defendant continued to disagree that Plaintiffs are entitled to "reimbursement of court filing fees under ORS 305.490." (*Id.* at 1.)

On December 23, 2011, Plaintiffs filed their Response stating that "Plaintiffs accept Defendant's recommendation in full except for the issue of Plaintiff[s'] request for reimbursement of costs." Plaintiffs stated that they had reached an agreement with Defendant concerning the submission of written arguments regarding Plaintiffs' request for costs and expenses. (Ptfs' Resp at 1.) The parties have both filed written arguments on Plaintiffs' request for an award of costs and expenses. This matter is now ready for the court's determination.

On February 21, 2012, Plaintiffs filed their Memorandum (Memo) in support of their request that the court award Plaintiffs costs in this matter. In support of their request, Plaintiffs cite ORS 182.090(1), stating "[i]n any civil judicial proceeding involving as adverse parties a state agency * * * and a petitioner, the court shall award the petitioner reasonable attorney fees and reasonable expenses if the court finds in favor of the petitioner and also finds that the state agency acted without a reasonable basis in fact or in law." (Ptfs' Memo at 3.) Plaintiffs argue that Defendant "had no objective reasonable basis" for several reasons, including Defendant "did not request an audit of the medical claim, nor seek proof of the deductions claimed, but summarily rejected the entire claim, which stated the somewhat short statute of limitations time for appeal running." (*Id.* at 1.) Plaintiffs also cite ORS 305.490(3), stating that the tax court "[h]as a may exercise all ordinary and extraordinary legal, <u>equitable</u> and provisional remedies available in the circuit courts * * *." (*Id.* at 2 (emphasis in original).) In further support of their

request, Plaintiffs argue that "there are public policy reasons to award the relatively small costs and expenses in this case at the magistrate division level." (*Id.*) Specifically, Plaintiffs cite the additional costs that would be incurred if Plaintiffs had to appeal to the regular division of this court and, "more important[ly] * * * the perception of fairness, which translates somewhat to taxpayer compliance. * * * If costs are not awarded to a prevailing party at the magistrate level, given Oregon's tax rate, [Defendant] would appear to have been given a free hand hereafter to arbitrarily deny deductions up to about $2,000 * * *." (*Id.* at 2, 3.)

Defendant filed its Response on March 2, 2012, opposing Plaintiffs' request for costs. Defendant stated that Plaintiffs "did not identify the [Oregon Special Medical Deduction] on the Oregon Form 40P for tax year 2010. * * * [Defendant] does not receive copies of 1099's from the SSA and [] Plaintiff[s] did not include a copy of the Federal Schedule A with the original return for us to verify medical expenses claimed on the Schedule A." (Def's Resp at 1.) Defendant stated that, as a result, it issued the Notice of Proposed Refund Adjustment and

> "Plaintiffs had 30 days * * * to appeal to [Defendant] if they disagreed * * *. According to [Defendant's] records, no appeal was made within the 30 days. * * * Because [] Plaintiff[s] did not appeal within the 30 days under ORS 305.270, the only option available to them was to file an appeal with the Magistrate."

(*Id.* at 1-2.) Finally, Defendant stated that "under ORS 305.490 only the Regular Division of Tax Court may award reimbursement of fees and expenses." (*Id.* at 2, citing *Ellibee v. Department of Revenue*, TC-MD No 020026D, WL 21241328 (Apr 21, 2003).)

Plaintiffs appeal from Defendant's Notice of Proposed Refund Adjustment for the 2010 tax year. As noted by Defendant, Plaintiffs had 30 days from the date of the Notice of Proposed Refund Adjustment to "advise [Defendant] in writing of objections to the refund adjustment and * * * request a conference with [Defendant] * * *." ORS 305.270(4)(b).[1] Defendant stated that

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

Plaintiffs did not file a written objection following issuance of the Notice of Proposed Refund Adjustment. Plaintiffs only remaining recourse after the 30-day time period had passed was to file an appeal with the Magistrate Division. ORS 305.270(5)(b); ORS 305.280(2). Plaintiffs noted that Defendant "did not request an audit of the medical claim, nor seek proof of the deductions claimed[.]" However, credits and deductions are a "matter of legislative grace" and the burden of proof is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992); *Hansen v. Dept. of Rev.*, TC-MD No 081122D, WL 3089297 *6 (Sept 29, 2009). Under the circumstances presented, the court finds that Plaintiffs are not entitled to an award of costs.

Defendant filed recommendations requesting that Plaintiffs' 2010 amended Oregon income tax return be allowed, subject to the changes stated in Defendant's Audit Report, reflecting a revised tax-to-pay of $735. Plaintiffs responded that they "accept Defendant's recommendations in full except for the issue of reimbursement of costs." Now, therefore,

IT IS THE DECISION OF THIS COURT that, for tax year 2010, Defendant shall revise its Notice of Proposed Refund Adjustment to reflect a tax-to-pay is $735, as stated in Defendant's Auditor's Report and agreed upon by the parties.

IT IS FURTHER DECIDED that Plaintiffs' request for an award of costs is denied.

Dated this ___ day of March 2012.

---

ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 30, 2012.*
*The Court filed and entered this document on March 30, 2012.*